The opinion of the Court was delivered by
Gibson J.
There can be no pretence that the act of 1814, on which this action is founded, was intended to dispense with any provision of the act of 1772. It is true, the legislature did not mean to give a particular exemption to any class of officers embraced by the fee-bill; but it did not mean to take away any protection before enjoyed: it left the matter as it found it. The act of 1772 is a remedial law, general in its provisions, and not confined to actions that might arise under the laws existing at the time of its enactment: it is beneficial, and therefore not to be restrained^ but by express wordsj or strong and necessary implication. It was intended for all cases where a justice of the peace, acting within his jurisdiction, rendered himself amenable for a wrong; and although the policy of the act may have been to secure, in some measure, the officer bound to act, and therefore in danger of going wrong, from the legal consequences of unintentional, error; yet as it is, in many instances, impossible to distinguish errors of the head, from those of the heart, its provisions must of necessity be extended to every case of official misconduct, made the subject of an action. In fact, there is no law on our statute book, more obscure in its terms, than that under which this penalty arises, and none against whiih an officer might more readily offend unwittingly, *47 There is no force in the objection, that the notice was intended to be preparatory only, to a suit in the Courts of common law. What reason is there, why the officer should not have the same protection as to a suit to be commenced before a justice of the peace? Not because he stands abetter chance of justice, or has a more dispassionate or able investigation of the merits of his defence, in a hearing before the latter. The reasonableness of the provision applies, to say the least, with equal force to both tribunals; perhaps with peculiar force to that of the justice. But it is said, the phraseology of the act of 1772, indicates a trial of the merits before a tribunal, of which a jury is an essential part, as the jury are to judge of the reasonableness of the amends tendered; and it also said, that pleading in bar of the action is spoken of; which is not in use before a justice. Doubtless the legislature did not contemplate a suit before a justice, against a-brother justice, as the limit of the jurisdiction then stood; but the vast extension of the jurisdiction since that period, has brought within its compass, at least a moiety of the legal business that before belonged to the Courts of common law. The argument might possibly have force, on a question of the justice having jurisdiction at all of this cause of action, if it were not expressly given; but it is without weight here. In all cases, the justice, or arbitrators acting by his, or the parties, appointment, exercise the functions of a Court and jury, and take their place by a legislative substitution ; and the parties may plead specially before this tribunal if they please. As to the inconvenience arising from the special manner in which the notice must be drawn, it is sufficient that the act contemplates the employment of counsel for that purpose, and provides a compensation for it j so that the plaintiff may be as well secured from being entangled in form before the one tribunal as the other. This is in nowise inconsistent with the policy of the one hundred dollar act, by which jurisdiction is given in this case, and which it is said, was intended to permit every man to be his own lawyer : that permission was before enjoyed in the most ample manner. As respects thisjcause of action, the matter stands, as to a suit before the justice, just as it does as to a suit in Court: the plaintiff may resort to counsel to draw his notice, or, if he chooses to take the risque, he may frame it himself. Then, it is said, notice was, at all events unnecessary in this in *48 stance, as the mere receipt of the fees was not an official act, but an illegal charge, by the defendant in his individual capacity, for a service rendered in his official character. It is sufficient to observe, the suit is brought against the defendant as an officer; his official character being its very foundation, and without which, the wrong complained of could not be committed. As an officer, only, could he demand fees, and of course in that character only, could he receive them. He may compel payment of his fees by an execution, which is an official act. The action is brought for a penalty which the law inflicts on the officer, who must be declared against as such. It is true, an action of assumpsit to recover back fees illegally taken, may be sustained against a justice, without giving hint notice ; for the plaintiff thereby waves the official tort, as he may well do, and goes only for the money actually extorted ; but when he goes for a penalty, or damages for a tort, the case is altogether different. Where the justice goes beyond his jurisdiction, he cannot assume an official character, or claim its privileges; but for every act done within his jurisdiction, and by colour of his office, he is entitled to notice, before a suit can be sustained; and this, we are of opinion, is the true construction of the different laws on the subject.
Judgment affirmed.